# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHN MICHAEL FOSTER,

    Petitioner,

vs.

ISIDRO BACA, *et al.*,

    Respondents.

Case No. 3:17-cv-00345-HDM-WGC

**ORDER**

    This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner.

    The Court has conducted a review of the petition in this case, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court concludes that this case must be dismissed as successive for failure to comply with the provisions of 28 U.S.C. § 2244(b). Section 2244(b) requires that a petitioner seeking to file a second or successive habeas petition must first obtain authorization from the federal Court of Appeals to do so. *See Burton v. Stewart*, 549 U.S. 147, 157 (2007) (where petitioner did not receive authorization from the federal Court of Appeals before filing a second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); *see also Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000) ("the prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the

Court of Appeals before a second or successive habeas application under § 2254 may be commenced").

The petition in this action challenges petitioner's criminal convictions in Case No. 11-CR-000681B, that took place in the First Judicial District Court for the State of Nevada. In that case, petitioner was convicted of the following crimes: (1) failure to stop upon signal of a police officer in a manner which endangers other persons or property, (2) a third-offense DUI, (3) failure to stop upon signal of a police officer causing bodily harm to another person, and (4) battery with a deadly weapon. The Court takes judicial notice of the fact that petitioner previously filed a federal habeas corpus petition in this Court, under case number 3:17-cv-00317-MMD-WGC, which challenges the same convictions. Petitioner has not obtained authorization from the Ninth Circuit Court of Appeals to file the instant successive habeas petition. As such, the Court cannot entertain the petition and it will be dismissed as successive.

In order to proceed with any appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a) of the Rules Governing Section 2254 and 2255 Cases. Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* In this case, no reasonable jurist would find this Court's dismissal of the petition as successive debatable or wrong. The Court therefore denies petitioner a certificate of appealability.

1     **IT IS THEREFORE ORDERED** that this action is **DISMISSED AS A SUCCESSIVE PETITION.**

    **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

    **IT IS FURTHER ORDERED** that the Clerk of Court **SHALL ENTER JUDGMENT** accordingly.

    **IT IS FURTHER ORDERED** that the Clerk of Court **SHALL ELECTRONICALLY SERVE** respondents with the petition in the instant action (ECF No. 1-1) and a copy of this order. The Clerk of Court **SHALL ADD** Attorney General Adam Paul Laxalt to the CM/ECF docket sheet as counsel for respondents. No response is required from respondents, other than to respond to any orders directed to respondents by a reviewing court.

    Dated this 13th day of June, 2017.

*/s/ Howard D. McKibben*
HOWARD D. McKIBBEN
UNITED STATES DISTRICT JUDGE